NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY GALLAHAN,

Plaintiff-Appellant,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

Defendant-Appellee.

No.    18-35057

D.C. No. 2:17-cv-00131-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

Kimberly Gallahan appeals the adverse grant of summary judgment in favor

of Philadelphia Indemnity Insurance Company ("Philadelphia").  The district court

held, as a matter of law, that Gallahan's suit was barred by the limitations period in

her insurance policy with Philadelphia, which provided that a suit for breach of

contract had to be filed within one year "after the date on which the cause of action

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

accrues." We reverse and remand for trial. By remanding for trial, we do not preclude dispositive motions unrelated to limitations periods.

Gallahan argues that the policy violates Washington law by improperly shortening the limitations period to one year. Even assuming, without deciding, that the limitations period was properly shortened to one year, Gallahan's suit was timely filed.

In Washington, "the contract statute of limitations begins to run against an insured on the date the insurer breaches the contract of insurance." *Schwindt v. Commonwealth Ins. Co.*, 997 P.2d 353, 356 (Wash. 2000). Here, Philadelphia neither denied coverage, made a final offer, nor took any other action indicating that it had taken a final position on Gallahan's claim. Thus, the contractual limitations period was never triggered. *Cf. id.* (holding that the limitations period was triggered by the denial of coverage). Philadelphia has not pointed us to any case (from Washington or elsewhere) where a limitations period was triggered without a definitive act by the insurer, like a denial letter or a final offer.

The district court found, however, that a failed November 2015 mediation started the limitations period. Gallahan argues that the district court erroneously relied on privileged mediation communications in making this finding. *See* Wash. Rev. Code § 7.07.030 (mediation privilege). Even if the mediation evidence proffered by Philadelphia was admissible, the evidence proves too little.

2

Mediations can fail for many reasons, and a failed mediation alone does not equal a breach of contract nor even the end of negotiations.  Here, one month after the mediation, Philadelphia sought additional medical records from Gallahan, belying any notion that it had taken a final position on Gallahan's claim.

In December 2015, a paralegal employed by Gallahan's counsel wrote an email to Philadelphia stating that they were "about to file with the courts." Philadelphia argues that even if the failed mediation did not trigger the limitations period, this email demonstrated that the clock was already running in December 2015.  The email, however, does not change the fact that Philadelphia did nothing to put a reasonable insured on notice of a breach.

As the Washington Supreme Court stated in a related context:  "Bearing in mind that we are construing a limitations statute and not just a definition of a cause of action, the word 'accrued' should be construed in a manner consistent with a prima facie purpose to compel the exercise of a right within a reasonable time without doing an avoidable injustice."  *Gazija v. Nicholas Jerns Co.*, 543 P.2d 338, 342 (Wash. 1975).  A rule that leaves insureds guessing as to the start of a shortened limitations period would create just such an avoidable injustice because requiring insurers to take a final position (for example, by denying coverage or making a final offer) would impose a minimal burden on them.

The evidence demonstrates that the insured's lawsuit was timely filed.

3

**REVERSED AND REMANDED.**